GREENVILLE & C. R. CO (PARSONS v.). See Case No. 10,776.

GREENWALD (JENKINS v.). See Case No. 7,270.

## Case No. 5,788.

### GREENWAY v. GAITHER.

[Taney, 227.][1]

Circuit Court, D. Maryland. Nov. Term, 1853.

CONTRACTS — REPUDIATION—WHEN SUIT CAN BE COMMENCED—BILL OF EXCEPTIONS.

1. Where defendant contracted for the purchase of a house, and agreed to pay the purchase-money in instalments, at specified periods, but afterwards repudiated the contract, in a suit brought by the vendor for the breach; held, that no action could be maintained on the contract, unless there was a breach of some one of its stipulations, by the defendant, before the suit was instituted.

2. A notification by the defendant, that he would not fulfil his contract, did not authorize

---

[1] [6 Alb. Law J. 422, contains only a partial report.]

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

an immediate suit on it, because none of the payments to be made by the defendant were then due; and the plaintiff, at the time of bringing the suit, had no legal demand, under the contract, for which a suit at law could be immediately brought.

3. The court will not seal a bill of exceptions presented two years after the trial; unless satisfied that there was error in the instructions given to the jury.

[Cited in Marine City Stave Co. v. Herreshoff Manuf'g Co., 32 Fed. 825.]

This action was instituted, on the 10th March 1849, on the following contract for the purchase of a house and lot in the city of Baltimore: "I hereby agree to purchase the house and lot, No. 52 Mount Vernon place, 37 by 160 feet, for the sum of twenty-four thousand dollars, payable in 18, 24, 30 and 36 months, interest on the whole to be paid semi-annually. the right reserved by the owner of the adjoining lot to build against the walls of said house and lot, although it may close the windows and openings on the said lot. I, Edward M. Greenway, agree to sell the said premises on the above terms. Geo. R. Gaither. Edward M. Greenway. Baltimore, 9th October 1848." The purchaser having repudiated the contract, for reasons which it is unnecessary to state, as they were not passed upon by the court, the plaintiff [William W. T. Greenway] resold the house for a much lower sum than that agreed to be paid by the defendant [George R. Gaither], and instituted this action to recover damages for a breach of the contract. The action was brought before the time had arrived for the payment of the first instalment of the purchase-money, under the agreement, and the cause was tried at November term, 1851.

R. Johnson and Brown & Brune, for plaintiff.

J. Nelson, J. V. L. McMahon, and J. Lloyd, for defendant.

TANEY, Circuit Justice. 1. This action is brought for a breach of the contract set forth in the plaintiff's declaration, and the plaintiff is not entitled to recover, because, at the time the suit was brought, no one of the stipulations on the part of the defendant, contained in the contract, had been broken; and no action can be maintained on the contract, unless there was a breach of some one of its stipulations, by the defendant, before this suit was instituted.

2. The letters of the defendant, and those written by his authority, notifying the other party that he would not fulfil his contract, did not authorize an immediate suit upon it, because none of the payments to be made by the defendant were then due; and the plaintiff, at the time of bringing the suit, had no legal demand, under the contract, for which an action at law could be immediately brought. The court was also of opinion that, as this instruction disposed of the whole case, it was unnecessary to express an opinion on the other points raised by the plaintiff, and

the instructions asked for by him were, therefore, refused. Verdict for the defendant.

The plaintiff excepted to the ruling of the court, and prepared a bill of exceptions, which was not acted on at the time; two years afterwards, he applied to the court to seal this bill of exceptions, but the application was refused, for the reasons stated in the opinion given below. The refusal was based upon the following rule of court: "November Term, 1846. Ordered, that whenever either party shall except to any opinion given by the court, the exception shall be stated to the court, before the bailiff to the jury is sworn, and the bill of exceptions afterwards drawn out in writing and presented to the court, during the term at which it is reserved, otherwise it shall not be sealed by the court. November 25th, 1846."

TANEY, Circuit Justice. An application has been made to me, on the part of the plaintiff in this action, to seal a bill of exceptions, in order to carry before the supreme court, by writ of error, the instructions given to the jury by the circuit court. The cause was tried in November 1851, more than two years ago. At the trial, an exception was reserved by the plaintiff, and among the papers now laid before me, I find one which purports to have been drawn as an exception, and upon which I see some notes of my own, which show that this paper was before me. From the lapse of time, I have forgotten the circumstances connected with the preparation of this paper, and its presentation to me; it is now found among the papers in the cause, in the clerk's office, without the signatures or seals of the judges. I cannot now say whether the refusal of the court to sign it arose from any imperfection in the statement, or from the blotched and interlined condition in which it was presented, which made it difficult to understand it; the face of the paper, as it now stands, shows that the last reason would, of itself, have been sufficient. It was, I presume, handed by me to the clerk, with directions to inform the counsel why the paper was not signed and sealed, and what was necessary to be done by them; it is my usual custom in such cases. I have heard nothing of this exception since the term at which the case was tried.

The exception, it appears, was reserved on the 12th November 1851, and on the 29th of the December following, the counsel for the plaintiff filed a written order to the clerk, to "dismiss the appeal or writ of error." And as no exception was presented to me, after the paper I have spoken of was returned, 1 presume from that circumstance, and this entry on the docket, that the design to bring the question before the supreme court was abandoned. Judge Heath who sat with me on the trial died more than twelve months ago. Under such circumstances, it is very clear

that, under the rule and practice of the circuit court, the plaintiff has no right to call on me to sign and seal the paper above referred to, as an exception taken at the trial. The rule of the circuit court, in relation to this subject, was before the supreme court at the last term, and fully sanctioned by it.

If, however, I had any doubt as to the correctness of the instruction which was given to the jury, I should deem it my duty to seal the exception, provided it could be done without injustice to the defendant, because it is too late now to correct an error here; and if I thought one had been committed, I should send the case to the tribunal which has the power to correct it. This is the ground upon which the plaintiff bases his application; and I have been referred to an opinion, delivered in the queen's bench, in the case of Hochster v. De Latour, 20 Eng. Law & Eq. 157.

The decision of the queen's bench is, of course, entitled to no more weight than what it derives from the force of its reasoning and the learning which it displays in support of its opinion; and in that view of the subject, I see nothing to shake my confidence in the instructions given to the jury by the circuit court. The principle upon which that case was decided is loosely stated by Lord Campbell in the opinion delivered. In the first portion of it, the decision would seem to be placed upon the character of the contract, and the necessity the plaintiff was under of preparing himself for the service, before the day when he was to enter upon its actual performance. In another part of the opinion, it would seem to be placed on the ground that, for aught that appeared on the motion in arrest of judgment, it might have been proved at the trial, that the defendant had put himself in a condition to make it impossible for him to perform his part of the engagement.

Neither of these grounds has any application to the case before me. But in the latter part of the opinion, Lord Campbell says, that a man who wrongfully renounces a contract, when he is to do an act at a future day, may be sued immediately for a breach of it, without waiting for the time stipulated for its performance. His language, in this part of his opinion, is general enough to apply to all cases where an act is to be done by the party on a future day, whether that act be to render service, or deliver goods, or pay money; and it is upon this part of the opinion that the plaintiff in this case relies to support his present application.

The language of Lord Campbell, in this part of his opinion, is perhaps broad enough to bear the construction which the plaintiff has put upon it. It is, however, but justice to him to restrict it to contracts of the character of which he was speaking; and so, I suppose, he intended it. For if he meant to say that a contract like this, by which the defendant engaged to pay a certain sum of money on certain days, would be broken, and might be sued on immediately, if the party gave notice that he would not comply with it, and intended to dispute it; if such was the doctrine he meant to announce in that opinion, it cannot be maintained either upon principle or the authority of adjudged cases. It has never been supposed that notice to the holder of a bond, or a promissory note, or bill of exchange, that the party would not (from any cause) comply with the contract, would give to the holder an immediate cause of action, upon which he might sue before the time of payment arrived. If, therefore, the case in the queen's bench had been decided previously to the trial in the circuit court, it would not have influenced the decision, and furnishes no sufficient ground for this application.

Indeed, if I entertained, upon reconsideration, some doubt as to the correctness of the decision of the circuit court, I should feel much difficulty in altering the record, by making an exception a part of it, after such a lapse of time, and when the defendant had every reason to suppose the controversy was finally closed. The counsel who tried the case for him, I understand, do not now consider themselves as authorized to appear in his behalf, and, therefore, decline interfering; and in a case where it appears that a good deal of testimony was offered, parol, as well as written, I should hardly be justified in certifying to the supreme court, a statement of the evidence, of which I have no distinct recollection, and in which I might do injustice to the defendant. The application is, therefore, refused.